IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-HC-2219-BO

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| DONALD BRONCHEAU, | ) |
| Respondent | ) |

No. 5:07-HC-2101-BO

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| JEFFREY NEUHAUSER, | ) |
| Respondent | ) |

No. 5:07-HC-2148-BO

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| JERRY T. ROGERS, | ) |
| Respondent | ) |

No. 5:07-HC-2166-BO

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID H. TOBEY, | ) |
| Respondent | ) |

No. 5:07-HC-2025-BO

| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| SCOTT KEVIN COMBE, | ) |
| Respondent | ) |

No. 5:07-HC-2185-BO

| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| MATHIAS THOMAS KOPP, | ) |
| Respondent | ) |

No. 5:07-HC-2206-BO

| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| EDWARD DAVID ERWIN, | ) |
| Respondent | ) |

No. 5:08-HC-2037-BO

| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| PATRICK CAPORALE, | ) |
| Respondent | ) |

2

No. 5:07-HC-2063-BO

| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| SCOTT KEVIN MCGREEVY, | ) |
| Respondent | ) |

This matter is before the court on the government's motions to stay this court's October 29, 2010, Order dismissing each of the above-captioned cases. Respondents filed responses in opposition to the motions on November 17 and 22, 2010. The government replied, and the motions are ripe for disposition. For the reasons set forth herein, the government's motions to stay are denied.

## INTRODUCTION

Respondents are former federal prisoners who have had Certifications of a Sexually Dangerous Person pursuant to 18 U.S.C. § 4248 filed against them by the federal government under the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006) ("Adam Walsh Act"). On October 29, 2010, this court found "the use of section 4241, as amended by Congress in enacting section 4248, affords a respondent the appropriate level of due process to which he is entitled, respects the integrity of court judgments rendered across this country, and is not plainly contrary to Congress' desire to create a federal commitment program for 'sexually dangerous person[s.]'" Order, p. 21 and 22, citations omitted. On this basis, the court granted respondents' motions to dismiss and directed that respondents be released within thirty days to begin their terms of supervised release. Id., p. 22.

3

DISCUSSION

The parties agree that Rule 62(c) of the Federal Rules of Civil Procedure governs the outcome of the motions to stay. Thus, the court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (citations omitted). The court shall review each factor in turn.

With regard to the first factor, it not enough that the chance of success on the merits be "better than negligible." Sofinet v. INS, 188 F.3d 703, 707 (7th Cir. 1999) (internal quotation marks omitted). The court finds the government has failed to make a strong showing of the likelihood of success on the merits.

The government argues this court's conclusion "that § 4241 offers the 'proper way' to initiate proceedings against sexually dangerous persons fails to account for . . . insurmountable differences." (Br. Supp. Mot. Stay at 9.) The basis of these differences, the government argues, is that release of respondents is contrary to the purpose of section 4248 and that section 4241 deals "with the short-term commitment of certain <u>incompetent</u> persons, a classification entirely distinct from the <u>mentally-disordered and sexually dangerous persons</u> Congress sought to address when it enacted § 4248." (Id. at 7) (emphasis in original)

The government's position disregards the amendments to section 4241 and the significance of their timing. Section 4241 now clearly permits the government to commence proceedings against anyone on supervised release. The fact that Congress amended section 4241

4

as part of the Adam Walsh Act, which was designed to "protect children from sexual exploitation and violent crime[]" and has been "described . . . as the most comprehensive child crimes and protection bill in our Nation's history[,]" United States v. Comstock, 551 F.3d 274, 276 (4th Cir. 2009) (quotations, alteration and citation omitted), rev'd on other grounds, __ U.S. __, 130 S. Ct. 1949 (2010), clearly indicates that Congress intended to broaden the scope of section 4241 proceedings.

With regard to the second factor, the government argues that release of respondents into the community "would create a grave danger to the children and to others in those communities." (Br. Supp. Mot. Stay at 10.) The government relies on the certification by mental health professionals that these individuals are "sexually dangerous person[s]" as defined by 18 U.S.C. § 4247(a)(5) and will have "serious difficulty in refraining from sexually violent conduct or child molestation." However, this argument fails to recognize the individuals will be on supervised release and monitored as set out in the criminal judgments and supervised by probation officers. Furthermore, the certification is just that, an initial certification without a judicial finding of sexual dangerousness based on continually aging information, not to mention the factual deficiencies found by this court in many of the certifications themselves. Order pp. 19-20 and n.6 (discussing deficiencies). Lastly, showing some "possibility of irreparable injury," Abbassi v. INS, 143 F.3d 513, 514 (9th Cir. 1998), fails to satisfy the second factor. The "'possibility' standard is too lenient." Winter v. Natural Resources Defense Council, Inc., 555 U.S. __, __, 129 S.Ct. 365, 375 (2009).

With regard to the third factor, the court finds a stay will harm respondents. Respondents have already waited years without resolution of their cases and their continued incarceration is

5

Case 5:07-hc-02166-BO   Document 31   Filed 11/22/10   Page 5 of 7

unacceptable under the laws and constitutional protections accorded all individuals. Simply stated, irreparable injury will result by the continued detention of respondents. "[O]ne of the most important personal rights guaranteed by the Constitution of the United States is one's right to liberty without due process of law, which cannot be lightly disregarded" and "denying Petitioner his freedom during the pendency of the appeal will cause substantial injury to Petitioner . . . . [when] no additional conviction or sentence requires Petitioner's continued custody." Boyles v. Weber, No. CIV 04-4134, 2007 WL 2684872, *2 (D.S.D. Sept. 7, 2007) (denying the government's motion to stay a successful habeas petitioner's release pending appeal); see also United States v. Joshua, 607 F.3d 379, 391 (4th Cir. 2010) (indicating the Fourth Circuit's increasing discomfort with the length of time section 4248 respondents have been confined).

With regard to the fourth factor, the court finds that the public interest is served by having a federal inmate transition from incarceration with a period of supervised release as imposed by a legal and binding judgment from the sentencing court. As held in Doe v. LaDue, 514 F. Supp. 2d 1131, 1138 (D. Minn. 2007), "[t]he court acknowledges that there is great public interest in monitoring predatory offenders." However, that court goes on to state, and this court firmly agrees, "there is an equally strong public interest in preserving constitutional rights." Id. Thus, where the government has the means to monitor offenders "without jeopardizing constitutional rights . . . the greater public interest" is in protection of one's constitutional rights. Id.

Additionally, the government argues "upon consideration of these [four] factors, the release of respondents has been consistently stayed pending resolution of the appellate process." (Br. Supp. Mot. Stay at 5.) Again, the matter before the court today, and as determined in the

6

Brocheau order, is independent of and from those opinions. See Order, pp.10-14. The court specifically bases this opinion on statutory construction, not the constitutional issues addressed by the other cases. See Id.

For the foregoing reasons, after careful consideration of all the Hilton factors, the court concludes that a stay of respondents' releases pending the appellate process is not warranted. The government's motions are DENIED.

SO ORDERED, this the ___ day of November 2010.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE