UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2166-BO

**FILED**

**NOV 17 2011**

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____DEP CLK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | SETTLEMENT AGREEMENT |
| | ) | |
| DAVID HENRY TOBEY, | ) | |
| Respondent. | ) | |

Petitioner, the United States of America, by and through the United States Attorney for the Eastern District of North Carolina, and Respondent, David Henry Tobey, by and through his counsel of record, Joseph Craven, have agreed that this matter should be concluded in accordance with terms and conditions of this agreement as follows:

1.     This agreement constitutes the full and complete record of the agreement of this matter. There are no other terms of this agreement in addition to or different from the terms contained herein.

2.     Respondent admits and stipulates that the United States lawfully certified Respondent as a sexually dangerous person under the Adam Walsh Act, as codified in 18 U.S.C. § 4248 pursuant to procedures established in 18 U.S.C. § 4248(a) and that said statute was upheld as constitutional in United States v. Comstock, 130 S.Ct. 1949 (2010), and again on remand to the Fourth Circuit of Appeals, in United States v. Comstock, 627 F.3d 513 (4th Cir.

2010), and that based on the above established procedures his release from imprisonment was stayed on September 6, 2007.

3. Respondent admits and stipulates that the criminal judgment against him in the matter of <u>United States of America v. David Henry Tobey (aka Robert Hardy)</u>, in the United States District Court for the District of Maryland, Docket No. DKC 03-0151, on May 12, 2003, of Unlicensed Dealing in Firearms, in violation of 18 U.S.C. § 922(a)(1)(A), imposed upon him a Three (3) year term of supervised release, and that the judgment ordered that the term of supervised release was to be served "upon release from imprisonment." Respondent has challenged his supervised release term in the case <u>David H. Tobey v. United States</u>, Civil Action No. DKC 10-1358 (Chasanow, Judge)(D. Md.), and <u>David H. Tobey v. United States</u>, Appeal No. 11-6988 (4th Cir.).

4. Respondent further voluntarily, knowingly and freely consents to satisfactorily participate in a mental health treatment program approved by the probation officer which may include evaluation, counseling and testing including terms and conditions recommended by psychological staff with regards to sex offender treatment. Specifically, Respondent consents that sex offender treatment is within the terms "mental health treatment" as defined within his terms of supervision.

5. Petitioner agrees and promises that, in consideration of Respondent's admissions and stipulations set out in Paragraphs 2

through 3 above and Respondent's agreements and understanding in Paragraph 4 above, the United States will file a motion under Rule 41 of the Federal Rules of Civil Procedure asking the Court to dismiss this action and to lift the stay upon Respondent's release from imprisonment.

6.    Petitioner and Respondent jointly request that the Court conduct a hearing to inquire of counsel for the United States, Respondent, and Respondent's counsel whether each of them personally affirms in open court that the terms and conditions of this settlement agreement have been entered and undertaken knowingly and voluntarily after having had adequate opportunity to seek counsel.

Respectfully submitted this the 9th day of November, 2011.

THOMAS G. WALKER
UNITED STATES ATTORNEY

BY:   /s/ Edward D. Gray
      EDWARD D. GRAY
      Assistant U.S. Attorney

DAVID HENRY TOBEY
Respondent

JOSEPH CRAVEN
Attorney for Respondent

APPROVED, this _17_ day of _November_, 2011.

TERRENCE W. BOYLE
United States District Judge